UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASA YOHANANOV,<br><br>    *Plaintiff*,<br><br>  v.<br><br>JUDGE JAMES G. DEVINE, et al.,<br><br>    *Defendants*. | Civil Action No. 22-5186<br>(MEF)(SDA)<br><br>**OPINION and ORDER** |

\* \* \*

For the purposes of this brief Opinion and Order, the Court assumes full familiarity with the allegations and procedural history here.

\* \* \*

The Plaintiff pro se sued, among others, two people identified in the Complaint as New Jersey prosecutors. See First Amended Complaint ("Complaint") ¶¶ 8-9.

The allegations against these defendants ("the Defendants") are sparse. The allegations essentially add up to two all-but identical sentences, one for each prosecutor, alleging that they should have tried to terminate certain cases that had been filed against the Plaintiff in a local court, but instead opted not to. See id. at ¶ 97 ("That defendant Anthony M. Arbore, Esq., as a Prosecutor representing the State of New Jersey, failed to file Motion to Dismiss, or decline to prosecute ( 37 ) individual Civil Complaints filed against the plaintiff without probable cause, without citing statutory elements and without any prima facie right to prosecute."); id. at ¶ 98 ("That defendant Peter J. Laemers, Esq., as a Prosecutor representing the State of New Jersey, failed to file Motion to Dismiss, or decline to prosecute ( 37 ) individual Civil Complaints filed against the plaintiff without probable cause, without citing statutory elements and without any prima facie right to prosecute.").

Based on these allegations, it is said, the prosecutors (a) violated the Plaintiff's federal constitutional rights, see id. ¶ 105, and (b) inflicted emotional harm on him, in violation of state tort law. See id. at ¶ 109.

The Defendants have moved to dismiss each of these two claims, on grounds of "absolute" prosecutorial immunity. See Brief of Defendants Anthony M. Arbore, Esq. and Peter J. Laemers in Support of Motion to Dismiss the Amended Complaint for Failure to State Claim ("Motion to Dismiss") (Docket Entry No. 48) at 9-11.

\*   \*   \*

As to the Plaintiff's federal claim, pressed under Title 42, United States Code, Section 1983, the Defendants bear the burden of establishing absolute immunity, see Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 432 and n.4 (1993), and they have carried it.

The background law in a nutshell: prosecutors have "absolute immunity for conduct . . . that was intimately associated with the judicial phase of the criminal process." Buckley v. Fitzsimmons, 509 U.S. 259, 270 (1993) (cleaned up). This includes, for example, appearing in court and pressing arguments. See Burns v. Reed, 500 U.S. 478, 491-92 (1991).

What this adds up to, as relevant here, is that "prosecutors are immune from actions under § 1983 based on their exercise of prosecutorial discretion," Reeves v. Off. of the Pub. Def., 2011 WL 2039043, at *4 (D.N.J. May 25, 2011), at least when that "discretion" is reflected in litigation choices --- including which courtroom arguments to make, and which ones not to. Cf. Harris v. Krasner, 2024 WL 3498600, at *3 (3d Cir. June 6, 2024) ("[W]e conclude that prosecutors have absolute immunity from suits challenging their strategic decision not to call a police officer as a witness[.]").

And that is all that the Plaintiff complains of here --- that the Defendant-prosecutors should have used their discretion to make a certain argument (for discontinuation of particular cases), but chose not to. The Defendant-prosecutors are entitled to absolute immunity as to such choices.

Or to put the point differently: the complained-of exercise of discretion here is the Defendants' exercise of their discretion to continue prosecutions, and that exercise of discretion is

2

shielded by absolute immunity. See Davis v. Grusemeyer, 996 F.2d 617, 629 (3d Cir. 1993) ("[T]he decision whether to continue a prosecution through to trial is at the heart of the prosecutorial decision making process and should not be chilled by fear of civil sanction."); Saint-Jean v. Cnty. of Bergen, 509 F. Supp. 3d 87, 100 (D.N.J. 2020) ("decisions to continue prosecutions . . . are covered by prosecutorial immunity"); Henderson v. Union Cty., N.J., 2017 WL 4861622, at *4 (D.N.J. Oct. 27, 2017) (prosecutors immune for "their actions in . . . continuing [p]laintiff's prosecution").

Bottom line: as to the Plaintiff's federal claim, the Defendants' motion to dismiss is granted.

\* \* \*

As to the Plaintiff's state claim, for intentional infliction of emotional distress, the Defendants also seek dismissal based on absolute immunity. See Motion to Dismiss at 9-11.

But as to state law claims, prosecutorial immunity is generally controlled by state law. See, e.g., Harris, 2024 WL 3498600, at *5; Louis v. New Jersey, 2023 WL 4074098, at *7 (D.N.J. June 16, 2023). The Defendants do not cite any state law immunity cases or statutes, and the Court cannot simply substitute in the Defendants' federal law immunity briefing. One of the reasons why: "[u]nder New Jersey law, prosecutorial immunity is not absolute like its federal counterpart." Newsome v. City of Newark, 2014 WL 4798783, at *4 (D.N.J. Sept. 25, 2014) (cleaned up).

Accordingly, the motion to dismiss the Plaintiff's state law claim on grounds of "absolute" immunity is denied. That is not the sort of immunity that New Jersey prosecutors enjoy.

\* \* \*

Should the Defendants wish to move for dismissal of the state law tort claim on immunity grounds, they shall file a letter brief of five to eight single-spaced pages on or before July 31 laying out the basis of their motion. The letter shall also indicate the Defendants' views as to whether the Court should retain jurisdiction over the state law claim, under Title 28, United States Code, Section 1367(c)(1). The Plaintiff may respond by a letter brief, to be filed on or before August 12.

\* \* \*

3

It is on this 23rd day of July, 2024 **SO ORDERED**.

                                                  Michael E. Farbiarz, U.S.D.J.