UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ASA YOHANANOV,

          *Plaintiff*,

    v.

ANTHONY M. ARBORE, ESQ., in his official/individual capacity, et al.,

          *Defendants*.

No. 22-cv-05186 (MEF)(SDA)

**OPINION and ORDER**

\*   \*   \*

For the purpose of this brief Opinion and Order, the Court largely assumes familiarity with the facts and procedural history of this case.

\*   \*   \*

The Plaintiff[1] sued, among others, two people[2] identified in the complaint as "prosecutor[s] representing the State of New Jersey."[3]  First Amended Complaint ("Complaint") (ECF 44) ¶¶ 8-9, 97-98.

The Plaintiff alleges that the prosecutors (from here, "the Defendants") violated (a) the Plaintiff's federal constitutional rights, and (b) New Jersey common law, by intentionally inflicting emotional distress on him.  See *id*. ¶¶ 105, 109.

---

[1]  Asa Yohananov.

[2]  Anthony M. Arbore and Peter J. Laemers.

[3]  The prosecutors may well have been municipal prosecutors, not state prosecutors.  But no one suggests anything turns on the difference.

The Court previously dismissed the federal claim.  See Yohananov v. Devine, 2024 WL 3522485, at *2 (D.N.J. July 24, 2024).

                          *     *     *

The Defendants now move to dismiss the state common-law claim, arguing they are immune.  See Brief of Defendants Anthony M. Arbore, Esq. and Peter J. Laemers in Support of Motion to Dismiss the Amended Complaint for Failure to State Claim (ECF 48) at 9-11; Letter Brief in Further Support of Defendants' Motion to Dismiss the First Amended Complaint (ECF 92) at 1-4.

The Court's conclusion: the Defendants are immune, so the motion must be granted.

                          *     *     *

Start by assuming federal immunity law governs here.[4]

Per the United States Supreme Court, prosecutors are "absolute[ly] immune[e] for conduct . . . that was intimately associated with the judicial phase of the criminal process." Buckley v. Fitzsimmons, 509 U.S. 259, 270 (1993) (cleaned up).

In dismissing the Plaintiff's federal claim, the Court had noted that the Plaintiff merely alleged that "the Defendant-prosecutors should have used their discretion to make a certain argument (for discontinuation of particular cases), but chose not to."  Yohananov, 2024 WL 3522485, at *2.

And under federal law, prosecutors are generally "immune from actions . . . based on their exercise of prosecutorial discretion."  Id. at *1 (internal quotation marks omitted).

Accordingly, the Court held that under federal law "[t]he Defendant-prosecutors [were] entitled to absolute immunity as to [the] choices [referenced just above]."  Id.

---

[4]  In a prior Opinion and Order, the Court suggested that "as to state law claims, prosecutorial immunity is generally controlled by state law."  Yohananov, 2024 WL 3522485, at *2.  But because the Defendants are immune under both federal prosecutorial-immunity law and New Jersey prosecutorial-immunity law, the Court need not definitively resolve which of those bodies of law applies here.

The Plaintiff's New Jersey common-law claim against the Defendant-prosecutors rests on precisely the same passages in the complaint as his federal claim did.  See Complaint ¶¶ 97-98.

Therefore, to the extent federal immunity law controls, the Defendants are absolutely immune --- as to the Plaintiff's federal claim (as the Court previously held), and, on the same basis, as to the Plaintiff's state common-law claim.

*    *    *

Assume now that New Jersey law supplies the relevant body of immunity law.

New Jersey prosecutorial-immunity law is codified in the New Jersey Tort Claims Act.  See Aletta v. Bergen Cnty. Prosecutor's Off., 2024 WL 2744677, at *12 (N.J. Super. Ct. App. Div. May 29, 2024).

Per the Act: "[a] public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment." N.J. Stat. Ann. § 59:3-8.

Here, the Plaintiff's allegations, as noted, add up to a contention that the Defendants decided not to make certain arguments in court.  See Yohananov, 2024 WL 3522485, at *2.

Those choices are covered by the Act --- they were made by "public employee[s]," the prosecutors, in the course of "prosecuting a[] judicial . . . proceeding."  N.J. Stat. Ann. § 59:3-8.

To be sure, another part of the Act qualifies things, providing that a public employee can be liable for "conduct" that "constituted a crime, actual fraud, actual malice or willful misconduct."  N.J. Stat. Ann. § 59:3-14(a).[5]

---

[5]  Because of this provision, New Jersey immunity law is somewhat different from federal immunity law.  It is not "absolute."  See Newsome v. City of Newark, 2014 WL 4798783, at *4 (D.N.J. Sept. 25, 2014); Saint-Jean v. County of Bergen, 509 F. Supp. 3d 87, 114 (D.N.J. 2020); Louis v. New Jersey, 2023 WL 4074098, at *7 (D.N.J. June 16, 2023); see also Cashen v. Spann, 66 N.J. 541, 548-51 (1975); Burke v. Deiner, 97 N.J. 465, 471 (1984); Van

But this is a difficult showing for a plaintiff to make.  See Van Engelen v. O'Leary, 323 N.J. Super. 141, 154 (App. Div. 1999) (noting that "[c]arelessness, unreasonable conduct or even noncompliance with substantive law" are not enough); see also Small v. State, 2015 WL 1057840, at *5-6 (N.J. Super. Ct. App. Div. Mar. 12, 2015) (discussing Van Engelen); Bezerra v. DeLorenzo, 2012 WL 3166598, at *13 (N.J. Super. Ct. App. Div. Aug. 7, 2012) (same).

And here, the Plaintiff has not checked the box.

As noted, the Plaintiff alleges that the Defendants failed to make certain arguments.  See Complaint ¶¶ 97-98.  But there is no meaningful allegation as to why the Defendants did not make those arguments.  So there can be no suggestion that the Defendants were motivated by "actual malice."  And there is nothing about the Defendants' alleged courtroom choices that smacks of "willful misconduct," let alone that the Defendants were committing "a crime" or "actual fraud."[6]  Id.

---

Engelen v. O'Leary, 323 N.J. Super. 141, 150 n.3 (App. Div. 1999).

[6]  The Plaintiff's brief does not explain how the Defendants' conduct may have "constituted a crime, actual fraud, actual malice or willful misconduct." N.J. Stat. Ann. § 59:3-14(a); see Letter Brief in Opposition (ECF 94).  And while the brief attaches various exhibits, these do not move the needle --- even assuming arguendo the exhibits can be appropriately considered here.  The only exhibits that even potentially touch upon wrongdoing are those that relate to the possible conflict of interest of one of the two Defendants, Anthony M. Arbore.  It may be that a conflict of interest that is severe and improperly handled can rise to the level of, say, "willful misconduct," N.J. Stat. Ann. § 59:3-14(a), under New Jersey immunity law.  But that is not this case.  As described in the exhibits, the arguable conflict was both very faint and very old, see Letter Brief in Opposition, Exhibit B (ECF 94-1) at 7-8; it was nevertheless affirmatively disclosed to the court, see id.; the judge ruled that Mr. Arbore could continue with the case, see Letter Brief in Opposition, Exhibit E (ECF 94-4); but in the end, he apparently did not, a "substitute" took over for him.  Letter Brief in Opposition, Exhibit K (ECF 94-10) at 1; see Letter Brief in Opposition, Exhibit G (ECF 94-6) at 1.  This is not "misconduct."  N.J. Stat. Ann. § 59:3-14(a).  If anything, quite the opposite.

\*        \*        \*

Whether the prosecutorial-immunity question here is governed by federal law or New Jersey law --- it makes no difference. Either way, the Defendants are immune as to the New Jersey common-law claim made against them.

That claim must therefore be dismissed.  The motion to dismiss at ECF 92 is granted.

IT IS on this 6th day of November, 2025, **SO ORDERED.**

_____

Michael E. Farbiarz, U.S.D.J.